IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO REYES TRUJILLO,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY GROUNDS, Warden,<br><br>    Respondent.<br>_____/ | No. C 11-01908 CW (PR)<br><br>ORDER GRANTING PETITIONER AN EXTENSION OF TIME TO PAY THE FILING FEE OR FILE IN FORMA PAUPERIS APPLICATION; DENYING APPOINTMENT OF COUNSEL; DIRECTING CLERK OF THE COURT TO SEND PETITIONER IN FORMA PAUPERIS APPLICATION FORM |

    Petitioner filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On that same date, the Clerk of the Court sent Petitioner a notice directing him to pay the requisite $5.00 filing fee or to file a completed in forma pauperis (IFP) application.  The Court cannot conduct an initial review of this matter until Petitioner either has paid the filing fee or completed an IFP application.  See 28 U.S.C. § 1915(a) (a party is permitted to file a civil action in federal court without prepayment of fees or security if he makes affidavit that he is unable to pay such fees or give security therefor).

    Petitioner has filed a request for an extension of time to pay the requisite $5.00 filing fee in this action.

Accordingly, the Court grants Petitioner's request. No later than thirty (30) days from the date of this Order, Petitioner shall pay the $5.00 filing fee and include with his payment a clear indication that it is for the above-referenced case number, C 11-01908 CW (PR). In the event that Petitioner is unable to pay the filing fee, he shall submit an IFP application, trust account statement and certificate of funds no later than thirty (30) days from the date of this Order. Failure to pay the filing fee or file the requisite documents within the thirty-day deadline shall result in dismissal of this action.

Petitioner also has filed a motion for appointment of counsel. The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate

2

crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

At this early stage of the proceedings the Court is unable to determine whether the appointment of counsel is mandated for Petitioner. The Court notes that Petitioner has presented his claims adequately in the petition, and no evidentiary hearing appears necessary. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED. This denial is without prejudice. The Court may reconsider on its own motion and appoint counsel if the Court finds an evidentiary hearing is necessary following consideration of the merits of Petitioner's claims.

The Clerk of the Court shall send Petitioner a blank prisoner IFP application form along with his copy of this Order.

This Order terminates Docket nos. 2 and 3.

IT IS SO ORDERED.

Dated:   6/3/2011

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

AMADO REYES TRUJILLO,

        Plaintiff,

v.

RANDY GROUNDS et al,

        Defendant.

Case Number: CV11-01908 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2011, I SERVED a true and correct copy(ies) of the attached and **a blank prisoner IFP application**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Amado Reyes Trujillo V01212
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960-0705

Dated: June 3, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

4