IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADO REYES TRUJILLO,<br><br>    Petitioner,<br><br>  v.<br><br>RANDY GROUNDS, Warden,<br><br>    Respondent.             / | No. C 11-1908 CW (PR)<br><br>ORDER DENYING MOTION TO DISMISS; GRANTING MOTION FOR APPOINTMENT OF COUNSEL; DENYING MOTION FOR CERTIFICATE OF APPEALABILITY<br><br>(Docket nos. 9, 12 & 14) |

INTRODUCTION

    Petitioner, a state prisoner, filed the present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of his conviction. Respondent has filed a motion to dismiss the petition as barred by the one-year statute of limitations applicable to federal habeas corpus petitions. See 28 U.S.C. § 2244(d). In opposition, Petitioner appears to argue that he is entitled to equitable tolling of the limitations period because he was abandoned by the attorney he retained to file a timely petition.

    For the reasons discussed below, the motion to dismiss is DENIED without prejudice and Petitioner's motion for the appointment of counsel is GRANTED.

PROCEDURAL BACKGROUND

    Petitioner was sentenced to a term of fifty years to life in state prison on charges of lewd and lascivious touching of a minor. It is undisputed that Petitioner's conviction became final on February 2, 2005, and, with applicable statutory tolling, the one-year limitations period for filing a timely federal habeas petition was set to expire on May 3, 2006. (Mot. to Dismiss (MTD) at 2:24-

2:26.) Petitioner, however, filed the instant petition nearly five years later, on April 7, 2011. As noted, Respondent has moved to dismiss the petition as untimely; Petitioner has opposed the motion and Respondent has filed a reply.[1] Additionally, prior to the filing of the motion to dismiss, the Court denied without prejudice Petitioner's motion for the appointment of counsel to represent him in this action.

## FACTUAL BACKGROUND

Petitioner concedes the petition is untimely. In support of his opposition to the motion to dismiss, however, he alleges facts from which the Court infers he maintains he is entitled to equitable tolling of the limitations period. Specifically, Petitioner alleges the following: (1) he is illiterate and a monolingual Spanish speaker who knows only how to sign his name (Opp'n. at 1:21-1:23); (2) on February 6, 2006, three months prior to the May 2006 filing deadline for the instant petition, Petitioner retained the law firm of Gilbert and Marlow to prepare and file a federal habeas corpus petition on Petitioner's behalf (Opp'n Ex. A); (3) the attorneys did no work on his case despite a signed retainer agreement for services, a payment of $7,500 dollars by Petitioner and multiple assurances that progress was being made on his behalf (Opp'n at 2:6-2:21); (4) Petitioner's family members

---

[1] On February 14, 2012, Petitioner filed a motion requesting a certificate of appealability, apparently under the impression that the Court's January 23, 2012 Order directing Respondent to file a reply was an order granting the motion to dismiss. Because the Court has not granted the motion to dismiss, Petitioner's motion is DENIED as moot.

2

went "numerous times" to counsel's office to inquire about the status of the case, but were given conflicting information (Opp'n at 2:14 & Ex. D); and (5) nearly five years after the attorneys took Petitioner's case, a prison counselor informed him that no petition had been filed nor had any action been taken in the case (Opp'n at 3:2-3:12). Petitioner then filed a complaint with the California Bar Association, the outcome of which has not been submitted as evidence herein. (Opp'n Ex. C.)

## LEGAL STANDARD

Pursuant to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal habeas corpus petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review. See 28 U.S.C. § 2244(d)(1)(A).[2] Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. Id. § 2244(d)(2).

The Supreme Court has determined that the one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). Specifically, a federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (citation omitted). "When

---

[2] Additionally, the statute provides for other means of calculating the filing deadline, which are not applicable in this matter. See § 2244(d)(1)(B)-(D).

3

external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). The "exercise of a court's equity powers . . . must be made on a case-by-case basis." Holland, 130 S. Ct. at 2563 (citation omitted).

Equitable tolling will not be available in most cases because extensions of time should be granted only "if extraordinary circumstances beyond [a] prisoner's control make it impossible to file a petition on time." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (citation and quotation omitted). Further, the prisoner must show that "the 'extraordinary circumstances' were the cause of his untimeliness." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

The Ninth Circuit holds that the petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Indeed, "'the threshold necessary to trigger equitable tolling [under the statute of limitations] is very high, lest the exceptions swallow the rule.'" Id. at 1066 (citation omitted). Even so, "[r]ather than let procedural uncertainties unreasonably snuff out a constitutional claim, the issue of when grave difficulty merges literally into 'impossibility' should be resolved in [a petitioner's] favor." Lott v. Mueller, 304 F.3d 918, 920 (9th Cir. 2002). Moreover, when a prisoner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy, 465 F.3d at 970.

//

DISCUSSION

In cases where attorney malfeasance is alleged as grounds for equitable tolling, development of the factual record is essential to a reasoned decision. See Holland, 130 S. Ct. at 2563; Porter v. Ollison, 620 F.3d 952 (9th Cir. 2010) (remanding case to district court for further factual development to determine if allegations of attorney misconduct based on erroneous and untimely filing of petition, misrepresentation of status of case and eventual abandonment warranted equitable tolling).[3] The issue the Court addresses at this stage in the proceedings is whether Petitioner has met his burden demonstrating facts sufficient to justify equitable tolling. What is required for Petitioner to meet his burden is that he make "a good faith allegation that would, if true, entitle him to equitable tolling." Laws v. A.A. Lamarque, 351 F.3d 919, 920 (9th Cir. 2003). For the reasons discussed below, the Court finds that the allegations made by Petitioner in this case may entitle him to equitable tolling, but further factual development of the record is required before such a determination can be made.

The first of the requirements justifying equitable tolling is that the circumstances causing the untimely filing be out of the petitioner's control. Holland, 130 S. Ct. at 2562. Here,

---

[3] The Ninth Circuit has made clear that a fully developed factual record is required in all cases in which a request for equitable tolling is made. See Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000); see, e.g. Laws v. A.A. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003)(remanding to district court for further factual development where petitioner claimed mental incompetence justified equitable tolling); Lott v. Mueller, 304 F.3d 918, 924-26 (9th Cir. 2002) (remanding to district court for further factual development where petitioner claimed inability to access legal records justified equitable tolling).

Petitioner alleges he hired counsel to represent him within the limitations period but that counsel failed to comply with the retainer agreement and, unbeknownst to Petitioner, never filed a federal habeas petition on his behalf. (Opp'n 2:1-2:10 & Ex. A.) A client cannot be faulted for failing to act if unaware of his attorney's abandonment; consequently, equitable tolling may be available under such circumstances. See Maples v. Thomas, 132 S. Ct. 912, 924 (2012)("[U]nder agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him."). At this point, however, the evidentiary record has not been developed sufficiently for the Court to determine whether Petitioner was a victim of attorney abandonment.

The second element of equitable tolling requires the petitioner to have acted with due diligence, or, as articulated by the Supreme Court, "reasonable diligence." Holland, 130 S. Ct. at 2565. The Ninth Circuit has outlined a number of factors to be used to determine whether a petitioner has exercised due diligence for purposes of equitable tolling in cases of attorney misconduct; specifically, "courts consider, inter alia, whether the petitioner expeditiously secured counsel to file the habeas petition, the frequency and nature of the attorney-client communications, when, in light of the petitioner's education and background, he reasonably should have sought new counsel, and whether the petitioner had the means to consult alternate counsel." Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) (internal citations omitted).

With respect to the first factor, whether Petitioner "expeditiously secured counsel," Petitioner alleges, and has submitted evidence in support of his allegations, that he hired

6

counsel on February 6, 2006, three months before the expiration of the limitations period. (Opp'n Ex. A.)

The record lacks evidence, however, with respect to the second factor, the "nature and frequency" of attorney-client communication. While Petitioner alleges that family members visited counsel on numerous occasions to inquire about the status of Petitioner's case, there is no evidence in the record establishing the dates of these alleged contacts, nor is there any evidence regarding direct contact between Petitioner and counsel. (Opp'n Ex. D.)

The third factor looks at when, in light of the petitioner's education and background, he reasonably should have sought new counsel. In support of this factor, Petitioner alleges that he is a monolingual Spanish-speaker, is completely illiterate and only knows how to sign his name. (Opp'n 1:21-1:23.) Generally, pro se status and illiteracy do not sufficiently justify equitable tolling; however, a pro se prisoner litigant's lack of access to Spanish-language legal materials or a translator may be grounds for such tolling. See Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006) (remanding to district court for evidentiary hearing to determine whether equitable tolling warranted where petitioner alleged inability to file timely petition due to a lack of access to legal materials in Spanish or translator). Here, Petitioner alleges illiteracy and monolingual Spanish abilities, but the evidentiary record is not developed sufficiently for the Court to determine the extent to which these impediments might have impacted Petitioner's ability to communicate with his attorneys and file a timely petition.

The fourth factor is whether Petitioner was able to contact and

1 afford other counsel.  Petitioner asserts that he was abandoned by
2 counsel and is now indigent after paying $7,500 to retain counsel.
3 (Opp'n 2:10-2:23; 3:4-3:5; 3:16-3:18.)  Again, however, the
4 evidentiary record is not developed sufficiently for the Court to
5 determine the extent to which Petitioner's ability to file a timely
6 petition was impacted as a result.

7     Based on the above, the Court finds that Petitioner has alleged
8 sufficient facts to carry his burden of showing that he may be
9 entitled to equitable tolling of the statute of limitations, but the
10 evidentiary record requires further development before the Court can
11 determine whether Petitioner is entitled to such tolling and, if so,
12 how much.

13     The Sixth Amendment's right to counsel does not apply in habeas
14 corpus actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th
15 Cir.), cert. denied, 479 U.S. 867 (1986).  Under 18 U.S.C.
16 § 3006A(a)(2)(B), however, a district court is authorized to appoint
17 counsel to represent a habeas petitioner whenever "the court
18 determines that the interests of justice so require" and such person
19 is financially unable to obtain representation.  Additionally, the
20 Federal Rules Governing § 2254 Cases (Habeas Rules) require the
21 appointment of counsel in certain circumstances.

22     Because either discovery (pursuant to Habeas Rule 6), expansion
23 of the record (pursuant to Habeas Rule 7), or an evidentiary hearing
24 (pursuant to Habeas Rule 8) will be necessary to develop the factual
25 record fully in this matter, the Court exercises its discretion to
26 appoint counsel.

27     Accordingly, Petitioner's motion for the appointment of
28 counsel, which previously was denied without prejudice, is GRANTED,

and Respondent's motion to dismiss the petition as untimely is DENIED without prejudice to Respondent's re-filing the motion thirty days after counsel has been appointed to represent Petitioner.

CONCLUSION

For the foregoing reasons the Court orders as follows:

1. Respondent's motion to dismiss the petition as untimely is DENIED without prejudice.

2. Petitioner's motion for a certificate of appealability is DENIED as moot.

3. Petitioner's request for the appointment of counsel is GRANTED.

4. This matter is REFERRED to the Federal Public Defender's Office to provide or find legal representation for Petitioner.

The Clerk of the Court shall provide a copy of this Order to the Federal Public Defender's Office in Oakland. Upon being notified by the Federal Public Defender's Office that an attorney has been located to represent Petitioner, the Court will appoint that attorney as counsel for Petitioner in this matter until further order of the Court. Counsel will be appointed solely for the purpose of representing Petitioner in connection with the issues addressed in this Order.

This Order terminates Docket nos. 9, 12 and 14.

IT IS SO ORDERED.

Dated: 3/14/2012

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE